IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

AMY HALL,

    Plaintiff,                                  Case No. 3:26-cv-24

    v.

WALMART, INC., and
WAL-MART STORES EAST, LP,

    Defendants.

## COMPLAINT

Plaintiff Amy Hall ("Plaintiff"), by and through her attorneys, Carla D. Aikens, P.L.C., alleges as follows.

## JURY DEMAND

COMES NOW Plaintiff by and through counsel and makes their demand for Trial by Jury hereunder.

## NATURE OF THE ACTION

1. This is a civil action for personal injuries and damages arising from a slip-and-fall incident caused by an unreasonably dangerous accumulation of water on the floor at a Walmart Supercenter entrance in Carbondale, Illinois.

## PARTIES

2. Plaintiff AMY HALL is an adult individual and a citizen of the State of Illinois, residing in Madison County, Illinois.

3. Defendant WALMART INC. is a corporation incorporated under the laws of Delaware with its principal place of business in Arkansas.

4. Defendant WAL-MART STORES EAST, LP is a limited partnership doing business in Illinois. Upon information and belief, none of its partners are citizens of Illinois.

5. At all relevant times, Defendants owned, operated, managed, maintained, controlled, and/or possessed the Walmart Supercenter store located at 1450 E. Main Street, Carbondale, Illinois 62901 (the "Store").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District because the events giving rise to this action occurred in this District, in Jackson County, Illinois, and Defendants do business in this District.

8. Venue is proper because all relevant actions giving rise to this complaint took place in Jackson County, Illinois.

## STATEMENT OF FACTS

9. On or about January 10, 2024, at approximately 2:30 p.m., Plaintiff went to the Store in Carbondale, Illinois.

10. Weather conditions included rain and wind at or around the time Plaintiff arrived.

11. Plaintiff was dropped off near the east entrance and entered through the automatic doors.

12. Immediately upon entering, Plaintiff slipped on a puddle or pooling of water located in and/or immediately adjacent to the entryway/threshold area, and fell forward to the ground.

13. Plaintiff attempted to break her fall with her hands and arms and sustained impact to her upper body, which radiated throughout her body, and her purse went up in the air and landed approximately 10 feet from where she fell.

14. An employee/agent of Defendants (a "greeter") promptly came to assist Plaintiff after the fall.

15. During that interaction, Defendants' employee apologized to Plaintiff for not putting up the warning cone to warn customers of the wet/slippery conditions that had been in effect that day.

16. Upon information and belief, Defendants' employees had actual knowledge, or at a minimum constructive knowledge, that the entryway area had become wet and slippery due to the weather which required monitoring, drying/mopping, and

conspicuous warnings.

17. No adequate warning cones/signs were positioned to alert Plaintiff to the dangerous condition before she fell.

18. Defendants failed to take reasonable measures to prevent or mitigate the accumulation and pooling of water in the entryway, including use of adequate floor mats, prompt drying/mopping, and reasonable inspection and monitoring.

19. As a result of the fall, Plaintiff suffered significant injuries, including but not limited to injuries to her neck, back, shoulder/arm, and upper extremities, with ongoing pain and functional limitations.

20. The day after the fall, after her condition worsened, Plaintiff went to the emergency room with head injury concerns and underwent imaging.

21. Since the fall, Plaintiff has required continuing medical care, which has included diagnostic imaging (including MRIs), injections, therapy and/or rehabilitation, and other treatment, and she has been advised that additional treatment (including surgery) have become necessary.

22. Plaintiff has also suffered mental and emotional distress, including but not limited to anxiety, frustration, sleep disruption, and loss of enjoyment of life, as a result of her injuries and limitations.

23. Before the incident, Plaintiff was functioning and was able to engage in normal daily activities; her condition materially worsened after the fall.

24. Plaintiff prays for the relief described below.

## COUNT I
## VIOLATION OF THE PREMISES LIABILITY ACT, 740 ILCS 130 *et seq.*

25. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

26. At the time and place aforesaid, Defendants were responsible for maintaining and operating the entire premises, including the entryway of its store.

27. Defendants, as a grocery store, owed Plaintiff the highest duty of care under Illinois law.

28. Defendants' business decision as to the placement of doors and lack of and specific placement of mats and lack of awnings or any attempt to shield rain around the entryway and automatic doors, created an unnatural accumulation of water directly in front of the automatic doors.

29. At the time and place aforesaid, Plaintiff entered the store through the automatic doors and immediately fell upon entering the building.

30. At the time and place aforesaid, Defendants, by and through their agents and employees, had a duty to exercise ordinary care in maintaining their premises for the safety of business invitees lawfully on the premise.

31. At the time and place aforesaid, Plaintiff was lawfully on Defendants' premises as a business invitee.

32. At the time and place aforesaid, Defendants, by and through their agents and

employees, breached their duty of care they owed Plaintiff and failed to exercise ordinary care in one or more of the following respects:

    a. Failed to adequately warn Plaintiff of the unsafe slippery conditions created by the unnatural accumulation of rainwater by properly posting a warning sign, although Defendants knew or in the exercise of ordinary care should have known the proper notice of slippery ice was necessary for the safety of business invitees, including Plaintiff.

    b. Failed to remove the unnatural accumulation of rainwater from the premise in such a way so that the rainwater buildup would not become a slipping hazard for its business invitees, including Plaintiff.

    c. Failed to remove the unnatural rainwater buildup on the premises in the vicinity in which business invitees were forced to enter, including Plaintiff.

    d. Failed to provide a safe means of ingress and egress to its premise for business invitees, although Defendants knew or in the exercise of ordinary care should have known that safe means of ingress and egress in areas where patrons enter its store and walk are necessary for the safety of business invitees, including Plaintiff.

    e. Failed to properly inspect the premises for unnatural accumulation of rainwater, although Defendants knew or in the exercise of ordinary care

should have known that inspections of areas where business invitees walk around or enter its store is necessary for the safety of patrons, including Plaintiff.

33. Defendants breach of their duty of care it owed Plaintiff caused Plaintiff to fall and caused Plaintiff's injuries.

34. As a direct and proximate result of one or more of the aforesaid acts or omission of Defendants, Plaintiff was injured and sustained damages.

35. Plaintiff prays for the relief described below.

## **RELIEF REQUESTED**

PLAINTIFF, Amy Hall, respectfully requests that this Honorable Court enter judgment against Defendants as follows:

1. Compensatory economic damages in whatever amount to which Plaintiff is entitled;

2. Non-economic damages in whatever amount Plaintiff is entitled for her physical pain and suffering, emotional and psychological trauma, loss of quality of life, loss of enjoyment of life, and scarring and disfigurement;

3. Exemplary damages in whatever amount which Plaintiff is entitled;

4. An award of lost wages and the value of fringe benefits, past and future;

5. An award of interest, costs, and reasonable attorney fees; and

6. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: January 9, 2025

Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (6296269)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff*